UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROMAN JAMES ALLAH,<br><br>Plaintiff,<br><br>v.<br><br>STEPHAN LAMBERT, et al.,<br><br>Defendants. | CASE NO. 2:25-cv-00976-JNW<br><br>ORDER |

## 1.  INTRODUCTION

Plaintiff Allah's renewed motion to appoint counsel comes before the Court. Dkt. No. 16. The Court GRANTS the motion for the reasons below.

## 2.  BACKGROUND

In 2020, Allah was on probation for a 2017 firearm conviction. Among his conditions of release was a geographic boundary condition, excluding him from the Central District of Seattle. In October 2020, a police officer pulled Allah over in the Central District, saw his probationary status, and contacted the Department of Corrections to ask for a Community Custody Officer ("CCO") with whom he could discuss next steps. In response, CCO Stephan Lambert came to the scene and

**ORDER** - 1

searched Allah's car specifically for a firearm. After finding a firearm in the car, he arrested Allah.

Based on the firearm collected, the State charged Allah with one count of unlawful possession of a firearm in the first degree, as his prior conviction made it unlawful for him to have a firearm. Allah moved to suppress the firearm under Washington Criminal Rule 3.6, but the trial court denied the motion. In December 2022, a jury convicted Allah, and the trial court sentenced him to 41 months.

On June 17, 2024, in a published decision, the Washington Court of Appeals reversed Allah's conviction, finding CCO Lambert's search unconstitutional under Washington law. *State v. Allah*, 550 P.3d 520, 526 (Wash. Ct. App. 2024). It held:

> In sum, neither CCO Lambert or the State provide a sufficient explanation of why any person would reasonably believe Allah may have had a weapon immediately preceding the search. No matter how the constitutionality of the search is conceptualized—i.e., whether as requiring a nexus between the boundary violation and the vehicle searched, or as simply requiring reasonable suspicion—the logical gap remains. As to the geographic boundary, CCO Lambert admitted it was irrelevant to his decision to search. As to Allah's prior firearm conviction, our Supreme Court has long explained that a probationer's past convictions alone are not enough to support a search. Otherwise, a probationer would never be free of harassment, no matter how completely he had reformed.

*Id.* (citation modified). Plaintiff now sues the City of Seattle, CCO Lambert, and multiple Doe Defendants, asserting constitutional and state law claims.

### 3.  DISCUSSION

Because there is no right to counsel in a civil case, the Court does not have authority to compel counsel to provide representation. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Instead, the Court may only "request" counsel

**ORDER** - 2

to serve. 28 U.S.C. § 1915(d) ("[t]he court may request an attorney to represent [a person proceeding *in forma pauperis*]"); *U.S. v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986) (§ 1915(d) only permits a court to "request" counsel, not to compel representation).

The decision to request pro bono counsel rests within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these factors is dispositive, and the factors must be viewed together before reaching a decision regarding appointment of counsel. *Id.*

First, the Court notes that Allah has attempted to find counsel but has been unable to do so. After reviewing his complaint and the relevant, attached Washington Court of Appeals opinion, the Court agrees with Allah that his case presents complex legal issues that he is not able to adequately articulate or address as a pro se plaintiff. Both the parties and the Court would benefit from Allah receiving counsel who can fully and adequately address these complex issues. Thus, the Court finds it appropriate to request pro bono counsel in Allah's case.

**ORDER** - 3

## 4. CONCLUSION

Accordingly, the Court ORDERS that the renewed motion to appoint counsel is GRANTED contingent on identifying a pro bono attorney who is available and willing to accept such an appointment. Dkt. No. 16.

The Clerk of the Court is DIRECTED to take the necessary steps to try and identify an attorney or law firm from the Court's Pro Bono Panel to represent Allah in this case. The scope of the engagement will ultimately be between the attorney and the client. Allah is advised that the Court cannot force any attorney to take this case, and it is possible that a pro bono attorney will not be found, and that Allah will remain unrepresented. If the Court cannot locate an attorney who is willing to provide representation, the Court will notify the parties by a minute entry for the electronic docket, stating that the inquiry was unsuccessful.

The Clerk is FURTHER DIRECTED to strike the initial scheduling order and deadlines. Dkt. No. 10. A new order will be issued upon appointment of counsel or upon notification that the inquiry was unsuccessful.

The Court FURTHER ORDERS that, for good cause shown, the service deadline in this matter is EXTENDED to June 18, 2026. Fed. R. Civ. P. 4(m).

Dated this 19th day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 4